### CARPENTER *v.* ACBY.

WHERE a bill is filed and a bond given to stay an action at law, and the complainant does not make out his case at the hearing, it is proper to insert a clause in the decree (and not have a separate or after order) for the delivery up of the bond.

THE cause having been heard upon pleadings and proofs, the court decided against the complainant with costs. The suit was brought after a judgment at law, and the usual bond had been given under the statute, to cover the amount of the judgment and costs. In settling the decree, application was made that a clause be inserted for the delivery of the bond, to be put in suit.

January 2.

*Mr. Crook,* for the complainant.

*Mr. W. Wilson,* for the defendant.

THE ASSISTANT VICE-CHANCELLOR :—A bond has been executed in this case instead of the deposite required by the 152d section of the act. (2 *R. S.* 190.) The 156th section provides that the chancellor shall direct the delivery of the bond to the person entitled to the benefit thereof, for prosecution, " whenever the condition thereof shall " be broken, or the circumstances of the case shall require " such delivery." The condition is to pay the amount of the judgment including costs, " whenever ordered by the " court of chancery." If the money had been deposited, the order would have been to pay it over, and such order should be entitled in the cause. I can see no reason why the substituted bond may not be directed to be given up for prosecution by a provision in the decree. A future order to be made in a cause when it is out of court by a dismission is irregular, though cases sometimes arise to justify it. In a late case before the vice-chancellor where a bond had been taken, and the complainant dismissed his bill, the bond was delivered out upon petition.

But the statute appears to require that there must be an order of this court for the payment of the amount. The condition is not broken until there is an order for payment. By the ordinary course of the court, all that would be directed would be a dismissal, leaving the party to enforce his judgment. But I am of opinion that the provisions of the act were intended to give not only the further security, but the right to immediate payment where money is deposited, or immediate resort to the bond; and in order to make the bond suable, an order to pay seems requisite. That properly should be made in the cause.

The decree will be that the sum of $      being the amount of the judgment recovered, with interest and costs, and also the costs of this suit to be taxed, be paid according to the condition of the bond executed by the complainant, together with William Burbank and John Dimon, as his sureties, and that such bond be delivered to the plaintiff for prosecution in case such amount is not paid on demand.